UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-478-RJC

| | |
|---|---|
| WILLIE AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| N.C. DEPARTMENT OF CORRECTIONS, ) | |
| SAMI HASSAN, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint pursuant to 42 U.S.C. § 1983, filed September 23, 2011. (Doc. No. 1).

## I. BACKGROUND

The events alleged in Plaintiff's Complaint occurred at Lanesboro Correctional Institution ("LCI"), where Plaintiff was housed until October 9, 2011, when he was paroled. N.C. Dep't. of Corr. Offender Information Portal, http://webapps6.doc.state.nc.us/opi/ (last visited Dec. 15, 2011).[1] Plaintiff asserts that sometime in 2005, he saw defendant Dr. Sami Hassan ("Dr. Hassan") at LCI for urinary and prostate problems and that since that time, Dr. Hassan has prescribed ineffective medications that have not corrected his prostate problem. (Doc. No. 1 at 4). He asserts further that Dr. Hassan has twice recommended that defendant North Carolina Department of Correction ("DOC") send Plaintiff to see a specialist but that the DOC has not done so. (Id.) Plaintiff states that he has filed "countless medical requests that continue to go unaddressed," that he sometimes cannot urinate and at other times cannot control

---

[1]The Court may take judicial notice of matters of public record. Phillips v. Pitt Cnty. Mem. Hospital, 527 F.3d 176, 180 (4th Cir. 2009) (citations omitted).

his urinary flow, that his insides hurt, and that he has suffered physically and psychologically for the last six years. (Id.). Plaintiff alleges deliberate indifference to his serious medical needs, and he seeks declaratory relief and monetary damages. (Id.).

In support of his allegations, Plaintiff has submitted a copy of a grievance he filed on May 21, 2011, in which he complains of the treatment he received from Dr. Hassan and other medical staff in April and May 2011. (Doc. No. 3 at 3: Form DC-410). The initial prison response to his grievance states that "[t]he Nurse made a referral to the Unit MD on 4/14/11. The unit MD reviewed the nurse[']s notes and wrote orders." (Id. at 4: Form DC-410A). No further action was recommended. (Id.). Plaintiff appealed to the Inmate Grievance Resolution Board, which found that LCI had adequately addressed his grievance. (Id. at 2: Form DC-410B). The grievance examiner noted that Plaintiff's last sick call was in April 2011 and directed Plaintiff to submit another sick call for evaluation and referral to the doctor if his medication was ineffective. (Id. at 2: Form DC-410B).

## II.     STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure in the pleading to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Indeed, Title 28

U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's Complaint shall be dismissed because Plaintiff has failed to state a claim upon which relief may be granted.

### III. DISCUSSION

#### A. Department of Correction

Plaintiff's claim against the DOC is dismissed because the DOC is not a "person" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). The Eleventh Amendment prohibits actions in federal court by individuals against a state unless the state has consented to suit or unless Congress has lawfully abrogated the state's Eleventh Amendment immunity. Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). This rule applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Will, 491 U.S. at 70. For Eleventh Amendment purposes, the DOC is considered an arm of the State of North Carolina. Savage v. N.C. Dep't. of Corr., No. 5:06-CV-171-FL, 2007 WL 2904182, at *15 (E.D.N.C. Sept. 29, 2007) (citing Pope v. N.C. Dep't of Corr., No. 5:97-871-BO, 1998 U.S. Dist. LEXIS 9300, at *6 (E.D.N.C. 8 May 1998); Pharr v. Garibaldi, 115 S.E.2d 18, 22-23 (N.C. 1960) (holding that a suit against the "State Prison Department . . . is essentially a suit against the State"); Hamilton v. Freeman, 554 S.E.2d 856, 861 (N.C. Ct. App. 2001) (noting that the N.C. DOC is part of North Carolina's executive branch)). Accordingly,

the DOC cannot be sued under § 1983.

B.      Dr. Sami Hassan

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotation marks and citation omitted). To prevail on an Eighth Amendment claim, "a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind." Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (internal quotation marks and citations omitted). The first element "is satisfied by a serious medical condition," while the second element "is satisfied by showing deliberate indifference by prison officials." Id. "Deliberate indifference" requires that the prison official(s) knew of and ignored the inmate's serious medical needs. Young v. City of Mount Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citing White ex rel. White v. Chambliss, 112 F.3d 731, 737 (4th Cir. 1997) ("A claim of deliberate indifference . . . implies at a minimum that defendants were plainly placed on notice of a danger and chose to ignore the danger notwithstanding the notice.")). Additionally, an Eighth Amendment violation occurs where medical treatment is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Plaintiff has failed to allege sufficient facts to state a claim of deliberate indifference to a serious medical need on the part of Dr. Hassan. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (To survive initial review, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal

4

quotation and citation omitted). Dr. Hassan treated Plaintiff for his urinary and prostate problems for six years. (Doc. No. 1 at 4). Dr. Hassan twice recommended to the DOC that Plaintiff be seen by a specialist. (Id.) The Inmate Grievance Resolution Board recommended that Plaintiff submit a sick call request if he continued to experience problems. (Doc. No. 3 at 3). There is no indication that he submitted a new sick call request. Plaintiff has failed to show that Dr. Hassan ignored any serious medical needs. See Young, 238 F.3d at 575-76 ("Deliberate indifference requires a showing that the defendants . . . actually knew of and ignored a detainee's serious need for medical care"); White, 112 F.3d at 737.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint, (Doc No. 1), is **DISMISSED** for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

Signed: January 11, 2012

Robert J. Conrad, Jr.
Chief United States District Judge